# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
SEP -9 2010
WILLIAM B. GUTHRIE
Clerk U.S. District Court
By_____ Deputy Clerk

GEORGE E. TRAMEL, )
)
Petitioner, )
)
v. ) Case No. CIV 09-428-RAW-KEW
)
EMMA WATTS, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner is challenging his loss of earned credits resulting from disciplinary proceedings at Jackie Brannon Correctional Center in McAlester, Oklahoma. He has not filed a response to the respondent's motion.

Petitioner alleges that on March 19, 2009, he was wrongly accused of Individual Disruptive Behavior/Possession of a Cell Phone Charger. He claims the evidence used to convict him of the misconduct arose from conflicting accounts by prison staff members on the day of the incident, and is innocent of the offense.

The respondent has filed a motion to dismiss, alleging petitioner is procedurally barred from federal habeas corpus review. The record shows that on March 19, 2009, prison staff searched petitioner's assigned work site and found a cell phone charger in the pocket of petitioner's coat. He was charged with the offense of Individual Disruptive Behavior, and petitioner asked the investigator to call two witnesses at his disciplinary hearing. The hearing

was held on April 3, 2009, with petitioner present. He was found guilty of the offense, and the facility head reviewed and affirmed the determination on April 9, 2009. Petitioner appealed the finding of the hearing officer to the facility head and DOC Director but was denial final relief on May 18, 2009.

Petitioner next sought judicial review in accordance with Okla. Stat. tit. 57, § 564.1, but his petition was denied in *Tramel v. Okla. Dep't of Corr.*, No. CJ-2009-6408 (Okla. County Dist. Ct. July 28, 2009). His September 14, 2009, appeal to the Oklahoma Court of Criminal Appeals was dismissed as untimely. *Tramel v. Okla. Dep't of Corr.*, No. REC-2009-0816 (Okla. Crim. App. Sept. 29, 2009).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Oklahoma Court of Criminal Appeals dismissed petitioner's appeal for his failure to file it in accordance with the State's procedural rules. *See* Okla. Stat. tit. 57, § 564.1(G); Rule 15.3(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2009). This is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750.

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750).

2

Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). The court finds petitioner has not made this showing.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 9th day of September 2010.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE